UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2020
```

KEVIN WALKER,

                Plaintiff,

-against-

JOON KIM, *Acting U.S. Attorney*; KARIN PORTLOCK, *AUSA*; JONATHAN REBOLD, *AUSA*; ANDREW ADAMS, *AUSA*; JORDAN L. ESTES, *AUSA*; AMANDA KRAMER *AUSA*; DINA McLEOD, *AUSA*; FRANK J. BALSAMELLO, *AUSA*; JESSICA LONERGAN, *AUSA*; JARED LENOW, *AUSA*; HADASSA WAXMAN, *AUSA*; DANIEL CHURLA, *NYPD*; MICHAEL McCREADY, STEVEN ST. HILAIRE; JOANNE BECK, *ATF*; KEITH SMITH *ATF*; JASON ALLISON, *ATF*,

                Defendants.

18-CV-4090 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Kevin Walker, proceeding *pro se*, sued several federal prosecutors, agents, and police officers who were involved in the prosecution of two cases in this District in which he was a defendant, Case Nos. 16-CR-327 (RA) and 16-CR-567 (JSR). *See* Compl., Dkt. 2. Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. 45. On April 24, 2020, Magistrate Judge Cave issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted and that this case be dismissed.[2]

---

[1] Defendants Churla and McCready were never served by the United States Marshals Service ("USMS") because USMS was unable to locate Churla in the New York Police Department database and a search for McCready turned up more than one match. *See* Dkts. 11, 26, 70. Accordingly, Defendants Churla and McCready did not join the federal Defendants' motion to dismiss.

[2] This was the second R&R in this case. On July 16, 2019, Magistrate Judge Pitman issued a R&R recommending that Defendants' motion be granted and the case be dismissed. Dkt. 63. Although this Court agreed that there "was only the scantest of indication that Plaintiff will ever be able to state a valid claim," it found Judge

1

Dkt. 82. On September 22, 2020, Plaintiff objected to Magistrate Judge Cave's R&R.³ Dkt. 87. For the following reasons, Defendants' motion to dismiss is GRANTED. This case is DISMISSED.

## BACKGROUND

Because the underlying facts of this case have not changed since the Court's ruling on Magistrate Judge Pitman's R&R, the Court refers the reader to that Order, as well as to Magistrate Judge Cave's R&R, for a full discussion of the facts. *See* Dkt. 70; *see also* R&R at 1-8.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to

---

Pitman's denial of Plaintiff's request for an extension of time to respond to Defendants' motion to dismiss to be clear error. Dkt. 70. Accordingly, the Court declined to adopt the R&R and directed Plaintiff to file an opposition or amend his complaint. *Id*. On November 14, 2019, Plaintiff filed an opposition to Defendants' motion to dismiss. Dkt. 75. This Court referred Defendants' motion to Magistrate Judge Cave for a revised R&R in light of Plaintiff's response. See Dkt. 80.

³       The original deadline for Plaintiff's objections was May 8, 2020. Due to the COVID-19 pandemic and Plaintiff's resulting limited access to the law library in prison, the Court extended Plaintiff's deadline to September 15, 2020.

the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks and citation omitted).  To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

Here, Plaintiff's objections to Magistrate Judge Cave's R&R repeat the same arguments with respect to *Heck v. Humphrey,* absolute and qualified immunity, and collateral estoppel that he previously presented in his opposition to Defendants' motion to dismiss.[4]  *Compare* Pl. Obj., Dkt. 87 at 16-21, 29-33, 37, *with* Pl. Opp., Dkt. 75 at 23-27, 29.  Because Plaintiff's objections are merely "an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (internal quotations omitted), the Court reviews Magistrate Judge Cave's R&R for clear error.  *See Vega v. Artuz,* No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("Objections of this sort are frivolous … and would reduce the magistrate's work to something akin to a meaningless dress rehearsal.  The

---

[4]      The Court rejects Plaintiff's argument that Magistrate Judge Cave did not "take [] into account" the argument that a finding in his favor would not necessarily imply that his convictions were unlawful because he could have been convicted without the evidence obtained from the allegedly unlawful search.  Pl. Obj., Dkt. 87 at 33.  Judge Cave expressly addressed and rejected Plaintiff's argument; the R&R states that the "fact that there may have been evidence of Walker's guilt apart from evidence seized in the alleged unlawful search does not transform this case into one that fits the 'exceptional circumstances' contemplated by [] *Heck* because any decision in his favor … 'would necessarily call into question the validity of [his] criminal conviction.'"  R&R at 15.  Moreover, Magistrate Judge Cave explained that "Walker's attempt to minimize the significance of the cellphones and scanner is undermined by how prominently he based his defense at trial on challenging the search through motions to suppress," and how prominently the cellphones and scanner featured in the summations in both cases.  *Id*.

purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which [they] presented to the Magistrate Judge.") (internal quotation marks and citations omitted).  Moreover, because Plaintiff did not object at all to Magistrate Judge Cave's alternative bases for dismissing Plaintiff's complaint, including Plaintiff's failure to allege the requisite personal involvement of the federal defendants and his failure to state a claim, those unchallenged portions of the R&R are also reviewed for clear error.[5]  *King,* 2009 WL 2001439, at *4.

Careful review of Magistrate Judge Cave's R&R reveals that there is no clear error in its conclusions.  As the R&R explains, Plaintiff's *Bivens* claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), absolute and qualified immunity, and collateral estoppel.  *See* R&R at 12-26.  Plaintiff's complaint is also subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Id*. at 26-32.

Finally, the Court agrees with Magistrate Judge Cave's recommendation that Defendants Churla and McCready be dismissed for failure to serve.  In the Court's September 2019 order declining to adopt Magistrate Judge Pitman's R&R, the Court warned Plaintiff that it was his responsibility to serve Defendants Churla and McCready and that he must "notify the Magistrate Judge and request appropriate relief" if he was unable to do so.  Dkt. 70 at 12-13.  As the R&R explains, neither before filing a response to the motion to dismiss nor in his opposition to the motion to dismiss did Plaintiff request an extension of time to serve or the Court's assistance in serving Defendants Churla and McCready.  *See* Dkt. 75.  Similarly, following the issuance of Magistrate Cave's R&R, which again put him on notice that he needed to effectuate service on

---

[5] Rather than object to Magistrate Judge Cave's conclusions that Plaintiff failed to state a claim for false arrest, conspiracy, or civil RICO and that he was not entitled to equitable relief, *see* R&R at 26-33, Plaintiff "elect[ed] to stop here to save the Court the task of reading over 60-70 [pages]." Pl. Obj. at 40.

those two defendants and that he could request assistance from the Court, Plaintiff has failed both to serve the defendants and to request the Court's assistance in accomplishing service. *See* Pl. Obj. Accordingly, Defendants Churla and McCready are dismissed with prejudice for failure to serve. *See* R&R at 37; *Kotler v. Boley*, No. 17-CV-239, 2020 WL 905752, at * 4 (S.D.N.Y. Feb 25, 2020).

## CONCLUSION

For the foregoing reasons, this Court ADOPTS the R&R in full. Defendants' motion to dismiss is GRANTED. Because the R&R gave the parties adequate warning, *see* R&R at 38, Plaintiff's failure to file adequate and specific objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and close this case.

SO ORDERED.

Dated:   December 3, 2020
        New York, New York

_____
**VALERIE CAPRONI
United States District Judge**