# INDIVIDUAL PRACTICES IN CIVIL CASES
## Valerie Caproni, United States District Judge

**Chambers**
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

**Courtroom**
40 Foley Square, Courtroom 443
Angela Caliendo, Courtroom Deputy
(212) 805-0170
(212) 805-6355

**Unless otherwise ordered, these Individual Practices apply to all civil matters before Judge Caproni, except for civil *pro se* cases (*see* Individual Practices in Civil *Pro Se* Cases, at http://nysd.uscourts.gov/judge/Caproni). In cases designated to be part of the Section 1983 Plan, the Section 1983 Plan's procedures shall govern to the extent that they are inconsistent with these Individual Practices.**

1. **Notices of Appearance.** All counsel must file Notices of Appearance on ECF before appearing for a conference or filing any materials on ECF. Attorneys who intend to file for admission *pro hac vice* should make all efforts to do so before appearing for a conference or filing any materials. Counsel must also ensure that their ECF profiles reflect up-to-date employment and contact information. ECF instructions are available on the Court website at http://www.nysd.uscourts.gov/ecf_filing.php.

2. **Communications with Chambers**

   A. **Letters.** Except as otherwise provided below, all communications with the Court should be by letter. Letters must be filed electronically on ECF unless there is a request to file a letter under seal or a letter contains sensitive or confidential information (see Rule 5(A), below). Absent a request to file a letter under seal, any substantive letter received by the Court that is not filed electronically on ECF will be docketed by the Court. Copies of correspondence between counsel must not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document). In all correspondence with the Court containing a request, the requesting party must indicate whether its adversary consents to the request. Unless otherwise ordered by the Court or in exceptional circumstances, letters should generally not exceed five pages in length.

   B. **Telephone Calls.** For docketing, scheduling, and discovery matters, counsel may call Chambers at (212) 805-6350. Otherwise, telephone calls to Chambers are permitted only for urgent matters.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made by letter and must state: (1) the reason for the proposed adjournment or extension; (2) the original due date;

(3) the number of previous requests for adjournment or extension of time; (4) whether the other party or parties consent and, if not, the reason given for refusing to consent; and (5) proposed alternative dates. Absent an emergency, the request must be made at least 48 hours prior to the original due date.

**D.  Proposed Orders and Stipulations.**  All proposed orders, stipulations, and judgments must be submitted as attachments or exhibits to a letter to the Court filed on ECF explaining the purpose of the proposed order, stipulation, or judgment. The parties must also email a Microsoft Word version to the Court at CaproniNYSDChambers@nysd.uscourts.gov.

**E.  Urgent Communications.**  Materials filed via ECF are not necessarily reviewed the same day they are filed. If a submission requires immediate attention, please notify Chambers by telephone after filing on ECF.

**3.  Conferences**

**A.  Initial Case Management Conference.**  The Court will generally schedule a Federal Rule of Civil Procedure 16 conference on a Friday morning approximately six weeks from the filing of the Complaint. Plaintiff's counsel (or, in a matter removed from state court, defendant's counsel) is responsible for distributing copies of the Notice of Initial Pretrial Conference to all parties. The Notice will direct the parties to submit to the Court, approximately one week prior to the conference date, a joint proposed Case Management Plan and Scheduling Order and a joint letter. Requests for adjournments of the initial pretrial conference must be made in accordance with Rule 2(C) of these Individual Practices and must include proposed alternative dates that fall on Friday mornings.

  **i.**  All parties should be prepared to discuss at the initial pretrial conference any pending or anticipated motions as well as the basis for subject matter jurisdiction.

  **ii.**  In cases invoking the Court's diversity jurisdiction, the parties' joint letter must address:

   **1.**  if any party is a corporation, that party's place of incorporation and the principal place of business, as defined in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

   **2.**  if any party is a partnership, limited partnership, limited liability company, or trust, the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

**B.  Discovery Disputes.**  In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to

raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.

- **i.** Discovery disputes that cannot be resolved by the parties must be brought to the Court's attention in a timely fashion. If the parties have failed to do so, the Court is unlikely to grant a request for an extension of the discovery deadline because of the existence of outstanding, disputed discovery requests.

- **ii.** When calling Chambers to schedule a teleconference to resolve a discovery dispute, all parties should appear on the line and should be prepared to: (a) provide a brief synopsis of the dispute to a law clerk; (b) propose mutually convenient times for a teleconference with Judge Caproni; and (c) state whether a court reporter is desired for the call. All teleconferences will be conducted on the record unless all parties consent otherwise.

**C.** The Court will determine during the teleconference whether additional submissions will be required. Parties should not make written submissions regarding discovery disputes absent Court permission.

If, with the Court's permission, a party submits documents for *in camera* review to resolve a dispute regarding redactions to documents to be produced in discovery, the party must submit those documents as instructed in Rule 5(A) below.

**D. Court Appearances.**

- **i.** All court appearances must be <u>in person</u>. Telephonic appearances will be permitted only in exigent circumstances. Traveling from out of state is not an exigent circumstance.

- **ii.** At least one attorney for each party who appears for a conference must have sufficient knowledge to discuss all matters relating to the case.

- **iii.** The Court encourages the participation of junior attorneys in all proceedings, particularly where a junior attorney played a substantial role in drafting a submission or preparing a witness. To encourage such participation, the Court will, upon request, allow more than one attorney to argue a motion on behalf of a party.

- **iv.** Any attorney who intends to speak on behalf of a party at a conference must file a Notice of Appearance prior to the conference.

3

4. **Motions**

   A. **Pre-Motion Submissions.** Written pre-motion submissions are not required for any motion. Before filing a Motion to Strike, the moving party must coordinate a teleconference with Chambers to discuss the proposed motion.

   B. **Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more must contain a table of contents and a table of authorities, which do not count toward the page limit. All memoranda must be double-spaced and utilize 12-point font for text. Footnotes may be in smaller font, but in no case smaller than 10-point font.

   C. **Courtesy Copies.** Not later than two (2) business days <u>after the reply has been served</u>, the movant must mail or hand-deliver to the Court one courtesy copy of all papers relevant to the motion, including those opposing the motion, in a tabbed three-ring binder. Exhibits (if any) must also be organized in a tabbed three-ring binder. Unless doing so would be unduly burdensome, the movant must also provide the Court with a CD containing electronic, text-searchable copies of any hearing or deposition transcripts, as well as any other item on which the parties rely that cannot be submitted as a single file on ECF (e.g., videos or very long documents). Parties may not submit materials on flash or thumb drives.

   D. **Oral Argument on Motions.** Parties may request oral argument by letter or directly on the cover of the briefs when they file their moving, opposing, or reply papers. The Court will determine whether argument will be heard and may order oral argument *sua sponte*. As stated above in Rule 3(D)(iii), the Court encourages the participation of junior attorneys in oral arguments, particularly when a junior attorney played a substantial role in drafting a submission. To encourage such participation, the Court will, upon request, allow more than one attorney to argue a motion on behalf of a party.

   E. **Motions to Dismiss**

      i. **Amending the Complaint or Cross- or Counterclaims.** If a motion to dismiss is filed, the Plaintiff (or cross- or counter-claimant) has a right to amend its pleading within 21 days of the motion, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). If the Plaintiff (or cross- or counter-claimant) elects to amend its pleading, the previously filed motion to dismiss <u>will be denied as moot</u>, and the moving party shall, within 21 days of such amendment: (1) answer or (2) again move to dismiss. If the Plaintiff (or cross- or counter-claimant) elects to amend its pleading, it must file a **redlined version** of the amended pleading comparing the revisions made to the prior version of the pleading.

4

ii. **Briefing Schedule.** If the Plaintiff (or cross- or counter-claimant) elects not to amend its pleading in response to a motion to dismiss, the motion will proceed in the normal course, pursuant to the briefing schedule set by the Court (or, in the absence of a specific order, pursuant to the briefing schedule set forth in Local Civil Rule 6.1(b)). In that situation, the non-moving party must address in its response whether it seeks leave to amend in the event the motion is granted.

F. **Motions for Leave to Amend Pleadings.** If the Plaintiff (or cross- or counter-claimant) moves for leave to amend its pleading, it must include as an exhibit to its motion a redlined version of the proposed amended pleading comparing the proposed revisions to the prior version of the pleading.

G. **Motions to Exclude the Testimony of Experts.** Motions to exclude the testimony of experts should not be treated as motions *in limine*. If the parties anticipate that there will be a dispute over the admissibility of expert testimony, the issue must be raised at the status conference following the close of fact discovery so that the Court may set an appropriate briefing schedule. If such a dispute arises after that status conference, the party disputing the admissibility of the expert's testimony must promptly notify the Court so that an appropriate briefing schedule may be set.

H. **Motions for Summary Judgment**

  i. **Generally Not Available in Non-Jury Cases.** Absent good cause, the Court generally will not consider summary judgment motions in non-jury cases. If a party wishes to move for summary judgment in a non-jury case, that party should raise the issue in the parties' joint letter submitted before the status conference following the close of fact discovery.

  ii. **Local Rule 56.1 Statements.** Pursuant to Local Civil Rule 56.1, a movant for summary judgment must file a statement of material undisputed facts ("56.1 Statement") and the opposing party must respond.

    a. **Organization of 56.1 Statements.** The 56.1 Statement must be organized into numbered paragraphs, and each numbered paragraph must contain only one factual assertion. Each factual assertion must be supported by a citation to the portion(s) of the evidentiary record relied upon. The moving party shall provide all non-moving parties with a Microsoft Word version of the 56.1 Statement, so that they may incorporate their responses into a single document, as discussed below.

    b. **Responses to 56.1 Statements.** Opposing parties must reproduce each entry in the moving party's 56.1 Statement and set out the opposing party's response directly beneath it. The response must

5

state specifically what is admitted and what is disputed, as well as the basis for any dispute and citations to specific portions of the evidentiary record that supports the existence of a genuinely-disputed fact. The response may make additional factual allegations in paragraphs numbered consecutively to those of the moving party (i.e., do not begin re-numbering at 1). If additional factual allegations are made by the opposing party, the moving party must file its own responsive 56.1 Statement addressing the additional assertions. The opposing party must provide a Microsoft Word version of any 56.1 Counterstatement to the moving party.

  c. **Multiple Parties Must Coordinate Statements.** If multiple parties are submitting 56.1 Statements in support of or opposition to the same motion, they must coordinate their statements to provide for consecutive, non-overlapping, numbered paragraphs in their respective statements.

  d. **Statements of Facts.** 56.1 Statements may not serve as a substitute for a statement of facts in a memorandum of law. If a party incorporates a 56.1 Statement in place of a statement of facts, the Court may order the party to amend its memorandum to include facts and will not provide additional pages in which to do so.

  e. **Record citations.** All parties must support all legal arguments and factual assertions in their memoranda of law with citations to their 56.1 Statements. The Court will not search through the record in support of facts relevant to a party's claim or defense. *See* Fed. R. Civ. P. 56(c)(3); *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

**I.**  **Motions for Default Judgment.** A party seeking a default judgment must proceed by way of an Order to Show Cause pursuant to the procedure set forth in Attachment A.

**5.**  **Other Pretrial Guidance**

 **A.**  **Requests to Redact or File Under Seal.** Any party wishing to file any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, in redacted form or under seal must file a letter requesting permission from the Court to do so. The letter must explain why sealing is appropriate in light of the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

6

Cited in Walker v. Jpon Kim
18 CV 4090 Decided 9/17/19
Archived on 9/24/19
This document is protected by copyright.
Further reproduction is prohibited without permission.

The letter must also indicate whether the opposing party consents to the proposed sealing or redaction. If a request to file a redacted document is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request to file the material in redacted form.

Unless a party seeks to file a redacted or sealed document *ex parte*, opposing counsel must be copied on all communications with the Court.

- **i.** **Procedure to Request Sealing.** A party must complete the following steps in order to request to file redacted or sealed documents:

    - **a.** File the letter requesting sealing or redaction on ECF, if possible, and otherwise by email to Chambers (CaproniNYSDChambers@nysd.uscourts.gov);

    - **b.** Email to Chambers a copy of the document that it seeks to redact or to file entirely under seal and deliver a courtesy copy if the document exceeds twenty pages. **Information to be redacted must be identified by either highlighting or bracketing, such that the redacted information remains legible.** In other words, in a single document, the Court must be able to view simultaneously the material to be redacted and the unredacted material. Unless the requesting party seeks leave to file the submission *ex parte*, all counsel of record should be copied on the email to Chambers; and

    - **c.** File the proposed redacted document on ECF, if possible.

- **ii.** **Procedure to File Sealed Documents.** A document is not actually filed under seal or included as part of the official case record until the party files the document with the Sealed Records Department. If the request to file under seal or in redacted form is approved, the party that made the request must:

    - **a.** File with the Sealed Records Department:[1] (1) a copy of the Court's order granting the redaction/sealing request; (2) an unredacted copy of the document(s) that were the subject of the redaction/sealing request; and (3) a CD containing electronic copies, in PDF format, of the unredacted document(s) that were the subject of the redaction/sealing request.

    - **b.** Further instructions on the procedure for filing documents with the Sealed Records Department are located on the Southern District of

---

[1] The Sealed Records Department is located in Room 270 of Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

7

New York's website at:
http://www.nysd.uscourts.gov/cases_records.php.

      **iii.** **Cases Under Seal or Documents Already Subject to a Sealing Order.** If a case is entirely under seal or if the Court previously ordered that certain documents are to be filed under seal or with specific redactions, a party need not again request permission to file under seal. The party filing a document under seal must:

          **a.** Email an unredacted copy of the document to Chambers (and deliver a courtesy copy if the document exceeds twenty pages); and

          **b.** File an unredacted copy of the document with the Sealed Records Department in accordance with the Sealed Records Department's procedures, as described in Rule 5(A)(ii).

      **iv.** **Redactions Not Requiring Court Approval.** Redactions made pursuant to Federal Rule of Civil Procedure 5.2(a) do not require Court approval, but the parties must still email the unredacted documents to Chambers, pursuant to the instructions above.

**B.** **Applications for a Temporary Restraining Order.** A party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Federal Rule of Civil Procedure 65(b) are met. As soon as a party decides to seek a temporary restraining order, he or she must call Chambers at (212) 805-6350 to schedule a time to present its application to the Court and state clearly whether (1) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (2) the requirements of Rule 65(b) are satisfied and no notice is required. If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must bring the application to the Court at a time mutually agreeable to the party and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

**C.** **Unpublished Cases.** The Court prefers that references to unpublished cases include citations to Westlaw, where possible and not unduly burdensome.

**6.** **Settlements**

**A.** **Maintaining Jurisdiction.** If the parties would like the Court to retain jurisdiction to enforce their settlement agreement, the parties must either publicly file the terms of that agreement or submit a request to file the agreement under seal in accordance with Rule 5(A). Absent extraordinary circumstances, the Court will not retain jurisdiction to enforce a confidential settlement agreement.

The Court will determine whether to retain jurisdiction after the settlement agreement is filed.

B. **Approval of Class Action Settlements**

   i. **Attorneys Receiving Fees.** Counsel seeking preliminary approval of a class action settlement that includes payment of attorneys' fees must identify all attorneys with whom counsel intends to share the fees, regardless of whether those attorneys have filed Notices of Appearance. Counsel should also provide a fair approximation of the number of hours each attorney has devoted to the case and his or her regular billing rate.

   ii. **Factors to Address.** Any motion for preliminary approval of a class action settlement must provide sufficient information regarding: (i) the complexity, expense, and likely duration of the litigation; (ii) the litigation risk, including the risks of establishing liability and damages; (iii) the damages class members allegedly suffered; (iv) the range of reasonableness of the settlement in light of the best possible recovery and the attendant risks of litigation; and (v) the rationale for any discount from the "best case" damages calculation, so that the Court can make a preliminary finding as to whether the proposed settlement is procedurally and substantively fair pursuant to Federal Rule of Civil Procedure 23(e). *See Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

   iii. **Certification of a Settlement Class.** Motions for conditional certification of a class action settlement must establish that the requirements of Federal Rule of Civil Procedure 23 are met. The motion must show that the requirements of Rule 23(a) and (b) are satisfied, as well as provide facts that would support a preliminary conclusion that the settlement is procedurally and substantively fair pursuant to Rule 23(e).

C. **Approval of FLSA Settlements.** Parties may not dismiss an FLSA action with prejudice unless the settlement agreement has been approved by either the Court or the Department of Labor (DOL). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). To the extent parties wish to dismiss a settled FLSA action with prejudice, they must either file a copy of the settlement agreement and a joint letter motion requesting that the Court approve the settlement agreement and attorneys' fees as fair and reasonable or, alternatively, provide documentation of the approval by DOL. If the parties wish to proceed without Court or DOL approval, they must submit a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Any such stipulation must be accompanied by an affirmation from Plaintiff's counsel: (1) stating that the Plaintiff(s) have been clearly advised that the settlement of the case does not preclude them from filing another lawsuit against the same Defendant(s); and (2) affirming that the settlement agreement does not contain a release of the Defendant(s). When the parties notify the Court of settlement, the Court will

9

issue an order detailing the information the parties must include in either their joint letter motion or stipulation.

**7.     Trial Procedures.**

**A.     Joint Pretrial Order.** Unless otherwise ordered by the Court, no later than two weeks prior to trial the parties must submit to the Court on ECF a proposed joint pretrial order. The parties must also email a Microsoft Word version to CaproniNYSDChambers@nysd.uscourts.gov. In addition to the materials required in Federal Rule of Civil Procedure 26(a)(3), the joint pretrial order must include the following:

   **i.**    The full caption of the action;

   **ii.**   The names, law firms, addresses, and telephone numbers of trial counsel;

   **iii.**  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

   **iv.**   A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter;

   **v.**    A statement as to the number of trial days needed and whether the case is to be tried with or without a jury;

   **vi.**   A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

   **vii.**  Any stipulations or statements of fact or law to which all parties agree;

   **viii.** A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages;

   **ix.**   A statement as to whether the parties consent to less than a unanimous verdict;

   **x.**    A list of all trial witnesses that indicates whether the witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

10

**xi.**  In jury cases, joint proposed requests to charge, joint proposed *voir dire* questions, and joint proposed verdict sheets. Proposed requests to charge may not be submitted after the due date for the joint pretrial order unless they meet the requirements of Federal Rule of Civil Procedure 51(a)(2)(A). Proposed requests to charge must include citations to supporting legal authority.

Proposed *voir dire* questions should be limited to questions tailored to issues of significance to the particular case. The parties should not include questions designed to adduce standard biographical information, to learn about potential conflicts related to the parties or the attorneys, or to ascertain biases regarding civil cases generally.

**xii.**  A list by each party of exhibits to be offered in its case in chief, any objections by the opposing party and the grounds therefor, and responses, if any, to those objections. Exhibit lists must take the following form:

**Plaintiff's Exhibits**

| Ex. | Description | Objection | Response |
|---|---|---|---|
| P-1 | May 4, 2012 photos of operation | FRE 403 – unfair prejudice | Prejudice does not substantially outweigh probative value |

**Defendant's Exhibits**

| Ex. | Description | Objection | Response |
|---|---|---|---|
| D-1 | -- | -- | -- |

When preparing objections, the opposing party should assume that the proponent of the exhibit will be able to authenticate the document and lay an evidentiary foundation for its admission into evidence. If, however, based on discussions with counsel or knowledge of the case, the opposing party has a good faith basis to believe the exhibit cannot be authenticated or that a foundation cannot be established, then the opposing party should object on that basis.

**xiii.**  With respect to any deponent who will not be testifying in person at trial, a designation by each party of deposition testimony to be offered in its case in chief and any counter-designations, the grounds for any objections, and any responses to those objections. Deposition designations must be organized chronologically by witness and must take the following form:

11

**John Doe**

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| Plaintiff | 6:21–8:2 | -- | -- |
| Defendant | 8:10–16 | -- | -- |
| Plaintiff | 10:17–11:16 | -- | -- |

- **xiv.** Full transcripts of any depositions from which designations have been made pursuant to subsection (xiii) above, with designated testimony highlighted in yellow if there is no objection and in pink if there is an objection. Transcripts must be attached as exhibits to the joint pretrial order and also submitted in a text-searchable format, either on ECF or by email.

- **xv.** To the extent a party intends to use, for impeachment purposes, a deposition transcript of any witness who will be testifying in person at trial, the full transcript of the appropriate deposition must also be attached as an exhibit to the joint pretrial order and submitted to the Court in a text-searchable format either on ECF or by email.

**B. Motions *in limine*.** In both jury and non-jury cases, unless a different schedule has been set by the Court, the parties shall file any motions that address evidentiary issues or other matters that should be resolved *in limine* no later than four weeks before trial. Responses to motions *in limine* shall be filed no later than three weeks before trial. Unless instructed otherwise, the parties are not to file reply briefs in support of motions *in limine*.

**C. Required Pretrial Filings.** Each party shall file on ECF and serve with the joint pretrial order:

- **i.** In all cases where the parties believe it would be useful to the Court, a pretrial memorandum of law and any opposition;

- **ii.** In non-jury cases, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered evidence as there may be no opportunity for post-trial submissions. The parties must also email Microsoft Word versions of these items to CaproniNYSDChambers@nysd.uscourts.gov.

**D. Trial Exhibits.** Trial exhibits are due on the same day as the parties' proposed joint pretrial order. Each party shall submit to the Court a tabbed and indexed binder containing one copy of each documentary exhibit sought to be admitted with pre-marked exhibit numbers and an exhibit list formatted in four columns titled: Exhibit Number; Short Description of Exhibit; Identified; Admitted.

E. **Courtesy Copies.** Two courtesy copies of all documents identified in this Section must be mailed or hand-delivered to Chambers on the date on which they are to be served or filed. Only one courtesy copy of trial exhibits is necessary. Voluminous material should be organized in tabbed binders unless doing so is unduly burdensome to the parties.

F. **Trial Schedule.** Trials will generally be conducted Monday through Thursday from 9:30 a.m. to 5:00 p.m.

G. **Final Pretrial Conference.** The Court will generally hold a Final Pretrial Conference within one week of trial. Trial counsel must appear for this conference and must be prepared to discuss all aspects of the case. If the parties settle the case after the Final Pretrial Conference, they must immediately notify the Court. If any case settles after 12:00 p.m. on the Friday preceding the day on which jury selection will commence, the parties will be taxed the cost of the jury panel.

8. **Policy on the Use of Electronic Devices**

A. **Pre-Approved Personal Electronic Devices.** Attorneys' use of mobile phones, Blackberries, and other such personal electronic devices within the Courthouse and its environs is governed by Revised Standing Order M10-468. Subject to security screening, any attorney who is a member of this Court's Bar, obtains the necessary service pass from the District Executive's Office, and shows the service pass upon entering the Courthouse may bring some personal electronic devices into the Courthouse. Mobile phones are permitted inside the Courtroom, but they must be kept turned off at all times. Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

B. **Other Electronic Devices.** Prior court order is required for an attorney to bring into the Courthouse any general purpose computing device, such as a laptop or tablet, or any other electronic equipment that does not qualify as a "personal electronic device" pursuant to Revised Standing Order M10-468 (available at http://www.nysd.uscourts.gov/file/forms/standing-order-electronic-devices). In addition, prior court order is required for any attorney who has not obtained a service pass from the District Executive's Office and wishes to bring a personal electronic device into the Courthouse. Any attorney seeking to bring such equipment into the Courthouse should **e-mail** a proposed order to Chambers **at least 10 business days in advance** of the relevant trial or hearing requesting permission to use such equipment. A fillable version of the order is available at http://nysd.uscourts.gov/file/forms/standing-order-electronic-devices-form. If the request is granted, Chambers will file the Order with the District Executive's Office. The Order must be shown upon bringing the equipment into the Courthouse.

13

**<u>ATTACHMENT A</u>** September 9, 2019

**DEFAULT JUDGMENT PROCEDURE**

1. Prepare a Proposed Order to Show Cause for Default Judgment and a Proposed Default Judgment.

2. Prepare the following Supporting Papers:

   a. An attorney's affidavit setting forth:

      i. the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

      ii. the basis for subject matter jurisdiction;

      iii. the procedural history beyond service of the summons and complaint, if any;

      iv. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

      v. the proposed damages and the basis for each element of damages, including interest, attorneys' fees, and costs; and

      vi. legal authority why an inquest into damages is unnecessary (if that is the movant's position).

   b. A copy of the Affidavit of Service of the pleadings to which the lack of response forms the basis for the default.

   c. If failure to answer is the basis for the default, a certificate of default signed by the Clerk of Court pursuant to Local Civil Rule 55.1.

3. File the Proposed Order to Show Cause, the Proposed Default Judgment, and the Supporting Papers on ECF. The Orders and Judgments Clerk will conduct an initial review of the Proposed Order to Show Cause and the Proposed Default Judgment and will indicate on ECF whether these documents are approved as to form.

4. Provide a courtesy copy of the Supporting Papers to Chambers. Email, in Microsoft Word format, the Proposed Order to Show Cause and Proposed Default Judgment to Chambers at CaproniNYSDChambers@nysd.uscourts.gov.

5. After the Orders and Judgments Clerk has approved the Proposed Order to Show Cause as to form, the Court will review the Proposed Order and determine whether to sign it. If the Court signs the Order, the Court will file the signed version on ECF. The signed

Order will inform the parties when to appear for a show-cause hearing (usually, on a Friday at 10:00 a.m.).

6. Serve the signed Order to Show Cause and all Supporting Papers on the defaulting party. Prior to the show-cause hearing, file on ECF an Affidavit of Service, reflecting that the defaulting party was served with the signed Order and the Supporting Papers.

7. At the show-cause hearing, the Court will determine whether to sign the Proposed Default Judgment. If the Court signs the Default Judgment, the Court will file it on ECF.

Cited in Walker v Joon Kim 18CV4090 Decided 9/17/19 Archived on 9/24/19 This document is protected by copyright. Further reproduction is prohibited without permission.